STATE OF INDIANA    )
ELKHART COUNTY    )

ELKHART SUPERIOR COURT 1
20D01-1912-CT-_____

TREVON HOLLINS,      )
                    )
        Plaintiff,   )
vs.                 )
                    )
FOREST RIVER, INC.,   )
                    )
        Defendant.  )

## PLAINTIFF'S COMPLAINT and JURY DEMAND

Plaintiff Trevon Hollins brings this cause of action pursuant to the Civil Rights Act of 1964, Title VII, 42 U.S.C 2000e-5(f), against Defendant Forest River, Inc. to redress discriminatory acts by the Defendant with respect to his employment.

1).   Hollins resides and is domiciled in Kosciusko County, Indiana. He was employed by Forest River beginning in late January 2018 and ending on May 17, 2019 when Forest River fired him.

2).   Hollins filed a timely *Charge of Discrimination* with the Equal Employment Opportunity Commission alleging discrimination on the basis of race, color, and retaliation. The EEOC eventually issued its *Notice Of Right To Sue*. This action has been timely commenced pursuant to all applicable deadlines.

3).   Forest River is a domestic, for profit corporation engaged in the manufacture and sale of recreational vehicles of all types. Its principal place of business is located in Elkhart County, Indiana. Forest River is an employer as defined by 42 U.S.C. 2000e (b) who had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Forest River is engaged in an industry affecting commerce.

4).    Hollins is a 21 year old African American male.

5).    For the last 6 months of his tenure at Forest River, Hollins worked in the shipping department at the company's Plant 3 (Sand Piper/Sierra) located in Goshen, Indiana. Hollins' job there involved building shipping crates.   For the last two months of his employment, Hollins' immediate supervisor was Kenny Sellers, a Caucasian male.

6).    While employed by Forest River, Hollins was an honest, hardworking, punctual, and productive employee whose performance met his employer's reasonable expectations. During Hollins tenure at Forest River, he never received any disciplinary write up of any kind.

7).    On April 10, 2019, Hollins was at work performing his job at Plant 3 when supervisor Sellers approached him and called him "nigger."

8).    Hollins reported Sellers' racial slur to Forest River's management.  Hollins reported the incident first to supervisor Curtis Gunter on April 10, 2019.  On April 19, 2019, Hollins enlisted the assistance of his mother, Tobi Conroy, to report the incident to Dave Youmans, the company's compliance officer.  The report to Youmans was in writing.  It stated in part:

> My son Trevon Hollins has been retaliated against, singled out, and called a Nigger.  Kenny Sellers called him a Nigger while he was working on the dock. He walked up behind him and said it, so that nobody else could hear it.  Kenny Sellers then screamed at Tre on the dock, in front of everyone, telling Tre he is a tired of him asking about Orders and he can just leave and go home. Everyone on the dock witnessed this.  Kenny singles Tre out daily, making him feel embarrassed and humiliated.  This truly takes a mental & physical toll on a person.  I am reporting this to your prior to contacting an attorney, in hopes that somebody with this corporation actually cares and keeps their word.  I reported this to Curtis Gunter, GM and he stated that he takes this very seriously and he would look into it, But as usual he did NOTHING.  My son is very fearful he will be treated even worse after this has been reported, even more so that he may be fired.  It is truly heartbreaking what is going in that department and NOBODY is doing anything but turning their head the other way.

9).     On April 22nd, Hollins spoke to Youmans by telephone. Hollins told Youmans on that occasion that he was considering retaining legal counsel.

10).    After Hollins reported the slur to management, Forest River's H.R. representative, Angie Garza, placed him under surveillance.

11).    On May 17, 2019, Hollins was taking his 30 minute morning break when Lisa Goodwyn, the plant's service warranty manager, approached Hollins on the plant floor. Goodwyn instructed Hollins to follow her to the office for a meeting. Present at the meeting were Garza, plant manager Lynn Miller, Goodwyn, and Hollins. Garza informed Hollins that he was fired for insubordination. Garza explained to Hollins that a few days earlier, she had observed Hollins on the floor sitting around and doing nothing for 20 minutes. Garza stated that Hollins evidently saw her watching him because he waved to her. On that occasion, Hollins was inactive due to the plant's 30 minute morning break, a fact that Garza would have known or one that Garza could have easily discovered. Nonetheless, Gaza informed Hollins that he was fired for "insubordination" by sitting around doing nothing. No other production worker who had been on break with Hollins was fired. No one at Plant 3, other than Hollins, had reported being a victim of racial slurs at work in May 2019.

12).    Garza's reason for firing Hollins was a pretext because workers were expected to stop working during morning break.

13).    In firing Hollins that day, Forest River committed unlawful retaliation against Hollins for engaging in activity protected under Title VII, including expressing his reasonable, good faith belief that he was being subjected to discrimination in the work place on the basis of race.

14).   Forest River acted with malice and or reckless indifference to Hollins' federally protected rights warranting an award of punitive damages;

15).   Hollins has had to retain legal counsel to prosecute this action;

16).   Hollins has sustained damages as a direct and proximate result of Forest River's unlawful retaliation.  Hollin's economic damages include wage loss and loss of health insurance coverage for himself.  His non-economic damages include mental and emotional pain and suffering, humiliation, and anxiety.

WHEREFORE,  Plaintiff requests a judgment against Defendant in an amount to fairly compensate him including damages for back pay; front pay; loss of health insurance; general damages for mental pain and suffering, humiliation, and anxiety; punitive damages; costs; and reasonable attorney's fees.

### JURY DEMAND

Plaintiff Trevon Hollins respectfully requests a jury trial as to all issues.

Respectfully submitted,

Patrick F. O'Leary (#10274-20)
Windsor Office Park
3000 Windsor Court, Suite B
Elkhart, IN  46514
574-264-6262

Edward Chester  (#3749-20)
Chester Law Office
230 North Main Street, Suite 2
Elkhart, IN  46516
574-296-1515

Attorneys for Plaintiff